UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.

2:92-cr-118-FtM-29DNF

JOSEPH HALL
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Joseph Hall's Motion for Dismissal or to Quash Indictment for Fraud; Lack of Subject Matter Jurisdiction and In-Personam Jurisdiction Pursuant to 28 U.S.C. § 1867(e) & Fed. R. Civ. P. 60(b)(4) & 60(b)(6) (Doc. #343) and a supporting Affidavit (Doc. #344), both filed on September 13, 2011.

Defendant Hall asserts that this is an original action under 28 U.S.C. § 1867(e) and Fed. R. Civ. P. 60(b)(4) & 60(b)(6), and challenges the way in which his indictment was obtained in 1992. Section 1867 does not provide a basis for a free-standing action, and the time to proceed under § 1867 expired long ago. Rule 60(b) does not provide for relief from judgment in a criminal case, but applies only to civil actions, United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998), and provide no independent basis for an action challenging a criminal conviction.

A federal court has an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion

is cognizable under a different remedial statutory scheme.  Having done so, the Court finds no other jurisdictional basis upon which it can entertain defendant's motion.

Accordingly, it is now

**ORDERED**:

Defendant Joseph Hall's Motion for Dismissal or to Quash Indictment for Fraud; Lack of Subject Matter Jurisdiction and In-Personam Jurisdiction Pursuant to 28 U.S.C. Section 1867(e) & Fed. R. Civ. P. 60(b)(4) & 60(b)(6) (Doc. #343) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of October, 2011.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Joseph Hall